IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND MIMMS,<br>　　　　　Petitioner,<br>　vs.<br>GEORGE GALAZA, Warden,<br>　　　　　Respondent. | Case No. CV F-00-5836 JKS<br><br>O R D E R |

　　　Demond Mimms brings this action pursuant to 28 U.S.C. § 2254 challenging his current imprisonment. He alleges that the state incorrectly calculated his sentence and as a result he is serving time beyond the time to which he was sentenced. *See* Docket No. 50 (Order). Following the Court's order, Mimms filed an amended petition. Docket No. 51. The Court twice directed the state to file a response, but it has declined to do so. The matter is now ripe for adjudication. The Court has considered an earlier response filed by the state to Mimms's original complaint. Docket No. 12.

　　　Mimms argues that he was erroneously paroled on September 11, 1998 and thereafter returned to prison for a violation of his parole. The error, Mimms continues, was that he was entitled to be released on September 11, 1997, and was illegally detained until being released on September 11, 1998. Since his term ended on September 11, 1997, he was not subject to being paroled on September 11, 1998, and hence could not be required to serve additional time for a parole violation. The record reflects that the prison afforded Mimms due process in calculating his prison sentence and that he was still serving a valid sentence on September 11, 1998, and could be

1

paroled on that date and subject to conditions which, if violated, would permit revocation of parole and an additional period of incarceration.

Mimms next argues that he was illegally restrained on December 14, 1997, the day of his alleged assault on a correctional officer, because he was entitled to be discharged. In Mimms's view the correctional officials lacked jurisdiction to impose additional time for the assault in administrative segregation since Mimms was entitled to an absolute and unconditional discharge. The record does not bear out this contention.

**IT IS THEREFORE ORDERED:**

Demond Mimms's petiton for habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**. The Court is of the view that a certificate of appealability should be addressed now, rather than after Mimms's claims and the issues they present fade from memory. The standard for granting a certificate of appealability has been stated as follows: "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Zuno-Arce*, 339 F.3d 886, 888–89 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Mimms has made no such showing. Mimms may seek a certificate of appealability directly from the Ninth Circuit Court of Appeals' motions panel.

Dated at Anchorage, Alaska, this  17  day of August 2005.

                                                   /s/ James K. Singleton
                                                   **JAMES K. SINGLETON, JR.**
                                                      United States District Judge